RECEIVED
MAY 17 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAIMIE McCANN (DOC #172093) | CIVIL ACTION NO. 1:09-cv-2010 |
| VS. | SECTION P |
| | JUDGE DEE D. DRELL |
| CLERK U.S. DISTRICT COURT, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

**IMPORTANT NOTICE**: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD **NOT** BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL **ONLY** BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Jaimie McCann, proceeding *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on December 1, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC). He is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, but when he filed his complaint he was confined at the Winn Correctional Center (WNC), Winnfield. He sued the Clerk of the United States Court, Washington, D.C. and the Social Security Office in Alexandria seeking "... a grant that I

don't have to pay back..." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

## Background

Plaintiff is an inmate in the custody of the DOC . When he filed the instant complaint on December 1, 2009, he was incarcerated at the WNC.[1] He claimed that the Social Security benefits he was receiving in the free world were cut off once he was incarcerated. He claimed that he needed the proper papers to apply for housing in the Alexandria/Pineville area, preferably "rent-to-own" housing where the payments could be deducted from his Social Security benefits. He also requested forms to resume Social Security, Food Stamps, and Medicare benefits upon his release. He concluded by requesting "a grant that I don't have to pay back to get starte[d] and on my feet."

---

[1] Plaintiff filed two other complaints while he was incarcerated at WNC. On November 18, 2009 he filed a complaint in the Shreveport Division alleging that he was denied appropriate medical care while he was incarcerated at the Forcht-Wade Corrections Center. See McCann v. LeBlanc, et al., No. 5:09-cv-1958. On December 28, 2009 he filed a complaint in this Division alleging that he was denied appropriate medical care and access to the courts while he was confined at WNC. See McCann v. Winn Correctional Center, et al., No. 1:09-cv-2232. Both of those matters remain on initial review.

On December 23, 2009 plaintiff submitted a series of exhibits which included a portion of the complaint he filed in the civil rights case pending in the Shreveport Division [Doc. #4, pp. 2-3]; a copy of a pamphlet entitled "Bureau of Prisons-Benefits Available to Former Inmates-Social Security (SSI)-Welfare Department-State Vocational Rehabilitation" [Id., pp. 4-8]; and an unsigned appeal of the denial of a Second Step Administrative Remedies Procedure Grievance complaining of inadequate medical care while at Forcht-Wade Corrections Center [Id., pp. 9-10] Thereafter on January 4, 2010 plaintiff submitted an additional exhibit, a Notice of Rejection of plaintiff's appeal to the WNC Warden dated December 10, 2009. The notice rejects plaintiff's attempt to appeal a Prison Disciplinary Board conviction and the forfeiture of good time credits. [Doc. #5, p. 1]

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990).

With regard to prisoner suits filed *in forma pauperis*, <u>the law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless</u>. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if the facts alleged are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir.1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

### 2. *Civil Rights*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[2]

---

[2] Indeed, 42 U.S.C. §1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

4

The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir.1986) (citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

Plaintiff's complaint does not allege or imply that he was deprived of any right, privilege or immunity secured by the Constitution or laws of the United States. Nor does his complaint allege any fault on the part of the defendants - the Clerk of Court or the Social Security Administration.

Finally, plaintiff seeks not damages for the violation of any rights secured under the Constitution or laws of the United States; instead, he seeks a "grant" - relief which is clearly unavailable in this civil action.

### Conclusion and Recommendation

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

---

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana May 17, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE